## HART et al. v. ATLAS KNITTING CO.

(Circuit Court of Appeals, Second Circuit. December 8, 1896.)

1. PLEADINGS AND EVIDENCE—RELEVANCY AND MATERIALITY.

In an action for breach of contract, the complaint averred that it was agreed between the parties that plaintiff should manufacture for defendants 70 cases of knit underwear, of the particular description, styles, sizes, qualities, and assortments set forth; that, in accordance with such agreement, plaintiff proceeded to manufacture "such goods," and completed all of the "said goods." The denials of the answer put in issue these averments. It appeared that 3 cases of the goods had been sent to defendants, and that thereafter they had canceled the order, alleging that the goods so sent were imperfect and unmerchantable. The remaining 67 cases were duly tendered, and inspection offered, but were not forwarded to defendants. *Held* that, under the pleadings, plaintiff was entitled to introduce testimony showing that the contents of the whole 70 cases, including those not forwarded, were in conformity with the contract.

2. CROSS-EXAMINATION—DISCRETION OF COURT.

In an action for damages for refusal to receive goods purchased, defendant was asked, on cross-examination, whether, about the time of canceling the contract with plaintiff, he had not also canceled orders which he had given to other parties. *Held*, that it was within the discretion of the trial judge to permit this question to be asked, as tending, in some measure, to affect the credibility of defendant.

In Error to the Circuit Court of the United States for the Northern District of New York.

This case comes up on writ of error to the circuit court for the Northern district of New York, to review a judgment entered upon verdict of a jury in favor of defendant in error. The action was brought to recover upon a contract whereby the plaintiff below agreed to manufacture and deliver to defendants below 70 cases of knit underwear, of certain specified styles, sizes, and description. The defendants contended, and offered evidence to show, that a box of samples sent them for use by their traveling salesman, and also three cases of the goods forwarded to them as a fair representation of the character of the goods so manufactured, were imperfect and unmerchantable.

Otto Horwitz, for plaintiffs in error.

Edward P. White, for defendant in error.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM.   Only two assignments of error are relied upon as ground for reversal.   Both are to the admission of evidence.   As part of its case, the plaintiff offered evidence to show that the goods contained in the 67 cases which were not forwarded to the defendants were perfect and merchantable.   These cases were not forwarded because defendants canceled their order, and declined to receive the goods, or to give any instructions for their shipment.   They were duly tendered, and inspection offered.   Defendants objected to any evidence as to the contents of the 67 cases, as irrelevant and immaterial, on the ground that these goods never came to them; that they never saw them.   The complaint averred that the parties entered into a contract whereby it was agreed that plaintiff should manufacture 70 cases of knit underwear, of the particular description, styles, sizes, qualities, and assortments set forth in the complaint. It is further averred, in the fourth paragraph, that, "in accordance with such agreement, the plaintiff proceeded to manufacture such goods" (i. e. 70 cases of knit underwear, of the particular description, styles, sizes, qualities, and assortments above set forth), and that "plaintiff completed all of the said goods" (i. e. goods of the particular description, etc., above set forth).   The denials in the answer put in issue this last averment, and testimony tending to show that the contents of the whole 70 cases were in conformity with the contract was clearly relevant and material.   The objection to the admission of this particular evidence is therefore unsound.

The defendants also assign error in admitting testimony as to the cancellation by defendants of orders with parties other than the plaintiff.   No affirmative proof tending to show such cancellation was offered by plaintiff, but upon cross-examination of one of the defendants, who had testified as to all the transactions with plaintiff's officers and agents, and as to the character of the goods in the sample boxes and the three cases, and who had himself canceled the order, he was asked whether he had not, about the same time, canceled orders with two other business houses named in the questions.   The court allowed the questions, over objection, stating to counsel for the plaintiff that he would be concluded by the answers.   It is true that no issue was raised by the pleadings as to the cancellation of orders with other persons, but courts have universally recognized the necessity of leaving the course and extent of a cross-examination very largely to the discretion of the trial judge.   In the absence of any authority, it would be, in our opinion, most unwise to lay down a rule which would so interfere with that discretion as to compel the trial judge to disallow all questioning put to a party on his cross-examination which may not be strictly relevant to the issues.   No authority to which we are referred has so held.   In the cases cited in the brief of plaintiffs in error, irrelevant matter was sought to be proved by independent testimony.   The discretion of the trial judge as to cross-examination of a party by questions not strictly relevant to the issues, but tending to affect his credibility, was not in question.   It is unnecessary to add anything to the discussion of this point which

will be found in the opinion of the trial judge on motion for a new trial, and in Turnpike Co. v. Loomis, 32 N. Y. 127.    The judgment of the circuit court is affirmed.